## LINCOLN MUTUAL INDEMNITY CO v HARBOLD

Ohio Appeals, 5th Dist, Richland Co

No 401.  Decided Sept 22, 1932

Judge Wolfe, Mansfield, for plaintiff.
George H. Blecker, Mansfield, for defendant.

**LEMERT, J.**

From an examination of the record, there seems to be a little dispute as to what the policy of insurance was to cover which provided for doctor bills, hospital bills, private room and expenses of nursing. The record further discloses that the application for insurance was made some time before the policy of insurance was issued and while there is an abundance of authority on cases of this kind and character, yet the confusion in the instant case arises because of the fact that the plaintiff in error was a company that was being organized, while most of the decisions do not relate to that stage of the life of an insurance company, but a careful analysis of the evidence and a careful consideration of the law convinces us that the Insurance Company in this case was fully organized and authorized to do business when it accepted the application of defendant in error.

One of the defenses made in the court below was upon the claim that it was specifically understood and agreed that the Company shall not be liable under this policy for expenses incident to abdominal operations, for conditions contracted prior to the time of the policy or within six months after the inception thereof.

Another defense was with regard to limitations as to actions in which it recites that no action in law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, etc.

An examination of the record disclosed that there was no dispute in the evidence in the trial court as to what the statements or representations the agent of the insurance company made to the plaintiff below at the time and prior to the time plaintiff signed the application for insurance. In fact, the record is very definite on this point and the evidence discloses that at the time the insurance company was procuring applicants for policies to be issued later on the condition that they were able to procure one hundred (100) applicants, so as to comply with the provision of the law and the rules of the Insurance Department necessary before doing business as a Mutual Company and at that time, they did not have proof of policy but did have what might be termed a prospectus or statement of the more essential parts of the proposed policy.

The evidence of the plaintiff below as well as the agent for the company shows that the insured would be reimbursed for all doctor bills, hospital bills and nurse hire and there was no agreement or understanding that it would not cover abdominal operations or expenses incident to chronic diseases.

If the contention of the plaintiff in error is correct, then it might deliver a policy to an applicant that excluded practically all diseases or conditions which would require the expenses including chronic or other diseases.

From an examination of the whole of the record, we are of the opinion that the policy issued to the insured was not the one he purchased. In the 32 C.C.A. 429, it was held:

"An Agreement entered into between an owner and a local or soliciting agent for fire and theft insurance, covering an automobile and personal effects therein, is a contract in praesenti and becomes effective immediately. An attempt by the Insurance Company in issuing the policy to ratify the agent's contract in part and reject it in part is without effect in the absence of consent by the insured, and without actual notice he is not bound by conditions in the policy inconsistent with the agreement entered into with the agent, nor by limitations in the charter of the insurance company."

In 75 Oh St 313, it was held where a contract for accident insurance was based on oral agreement of the insurance agent and the application afterwards signed, was supposed to contain an agreement, evidence of the conversation of the insured with the agent held competent to show whether contract preliminaries were entered into. Contracts may rest partly in parol and partly in writing.

"A parol contract of insurance, as distinguished from a parol agreement to issue a policy, must not be executory, but must take effect in praesenti.

In order to establish the relation of insurer and insured, in parol, as existing be-

fore the delivery of the policy, the plaintiff must do so by full and clear proof.

In the absence of such a stipulation in the application or policy as makes the actual delivery of the policy a condition precedent to the consummation of the contract of insurance, the actual delivery or non-delivery of the policy is not of itself conclusive evidence of the completion of the contract of insurance; but the unconditional acceptance of the application by the insurer is a consummation of the contract."

In the instant case, the application heretofore referred to was signed some time after the contract was entered into and there are no conditions or limitations in this application and there is no claim made by the plaintiff in error that there were any misrepresentations on the part of the insured.

The plaintiff in error seems to rely upon the provision in the policy issued limiting the time in which action must be brought. There is no evidence that there was any time limit agreed upon between the parties; that being true, the limitations provided in the policy of insurance issued by the defendant, could not apply.

The evidence disclosed that very shortly after the defendant's operation, that the Insurance Company was notified of the same and they disclaimed all liability, claiming that the policy was not operative until 15 days after the signing of the application. The application was signed December 23rd and the plaintiff admitted to the hospital on January 10th. It has been held that any denial by an insurance company of any liability upon a policy is a waiver of the requirement of written notice and proof of loss if made within the time when such notice and proof are required by the policy to be made.

The evidence in the record before us discloses that the plaintiff below paid out the amounts as claimed by him in his petition and that he is entitled to recover the amount prayed for, One Thousand ($1,000.00) Dollars. It, therefore, follows that the finding and judgment of the Court below will be and the same is hereby affirmed.

Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.